# Exhibit A



September 4, 2025

Brian Flannigan
Chief, Civil Division, FOIA and Privacy Office
U.S. Department of Justice
Room 8400
1100 L Street, NW
Washington, DC  20530
civil.routing.foia@usdoj.gov

Christina Butler
Chief, Criminal Division, FOIA/PA Unit
U.S. Department of Justice
950 Constitution Ave NW
Washington, DC 20530
crm.foia@usdoj.gov

**Re:  Freedom of Information Act and Expedited Processing Requests**

Dear FOIA Officer:

Citizens for Responsibility and Ethics in Washington ("CREW") submits this request for records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and Department of Justice ("DOJ") regulations.

Specifically, CREW requests from January 20, 2025 to the date this request is processed:

1. All formal or informal data sharing agreements between DOJ and any state or election official[1] providing access to personally identifiable information ("PII").[2]

---

[1] "Election official" here is used to describe any state or local official involved in state or federal election administration, including a state's chief election official and members of election boards and commissions.

[2] The term "PII" here is used as defined in OMB Memorandum M-07-16, which refers to information that can be used to distinguish or trace an individual's identity, either alone or when combined with other personal or identifying information that is linked or linkable to a specific individual. Examples of PII include names, social security numbers, and drivers' license numbers. *See* Office of Management & Budget, *Safeguarding Against and Responding to the Breach of Personally Identifiable Information* (May 22, 2007), available at https://georgewbush-whitehouse.archives.gov/omb/memoranda/fy2007/m07-16.pdf.

info@citizensforethics.org   202.408.5565                                               CITIZENSFORETHICS.ORG

September 4, 2025
Page 2

2. Agency records[3] sufficient to show:

    a. All formal or informal policies, determinations or conclusions (including underlying memoranda) concerning DOJ's legal basis for requesting and accessing PII held by election officials.

    b. All formal or informal policies, determinations or conclusions (including underlying memoranda) concerning the scope of DOJ's use of the PII it seeks from election officials. This includes records reflecting any plans for how the agency will compile, aggregate, synthesize, match, link, or otherwise combine data obtained from an election official with any other data.

    c. Privacy or data security safeguards in place for protecting PII shared by election officials.

Please search for responsive records regardless of format, medium, or physical characteristics. We seek records of any kind, including paper records, electronic records, audiotapes, videotapes, photographs, data, and graphical material. Our request includes without limitation all correspondence, letters, emails, text messages, facsimiles, telephone messages, voice mail messages, and transcripts, notes, or minutes of any meetings, telephone conversations, or discussions. Our request also includes any attachments to emails and other records, and anyone who was cc'ed or bcc'ed on any emails.

If it is your position any portion of the requested records is exempt from disclosure, CREW requests that you provide it with an index of those documents as required under *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). If some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. *See* 5 U.S.C. § 552(b). If it is your position that a document contains non-exempt segments, but that those non-exempt segments are so dispersed throughout the document as to make segregation impossible, please state what portion of the document is non-exempt, and how the material is dispersed throughout the document. *See Mead Data Central v. U.S. Dep't of the Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977).

Please be advised that CREW intends to pursue all legal remedies to enforce its rights under FOIA. Accordingly, because litigation is reasonably foreseeable, the agency should institute an agencywide preservation hold on all documents potentially responsive to this request.

### Fee Waiver Request

In accordance with 5 U.S.C. § 552(a)(4)(A) and agency regulations, CREW requests a waiver of fees associated with processing this request for records. The subject of this request concerns the operations of the federal government, and the disclosures likely will contribute to a better understanding of relevant government procedures by CREW and the general public in a significant way. *See id.* § 552(a)(4)(A)(iii). Moreover, the request primarily and fundamentally is for non-commercial purposes. *See, e.g.*, *McClellan Ecological v. Carlucci*, 835 F.2d 1282, 1285 (9th Cir. 1987).

---

[3] "Agency records" here is used within the meaning of 5 U.S.C. § 552 and, unless otherwise indicated, "agency records" sought in this FOIA request and each of its numbered and lettered subparts include communications sent or received by DOJ regarding the subject matter described in that subpart.

September 4, 2025
Page 3

  Beginning in 2025, the DOJ has demanded an unprecedented amount of confidential voter information, including full copies of computerized voter registration lists, from states across the country.[4] At least 19 states have confirmed receiving requests to date[5] seeking information ranging from voter rolls and registration applications to sensitive details such as partial Social Security and driver's license numbers.[6] The scope and aggressiveness of these demands have sparked pushback from state election officials, who are responsible for maintaining accurate voter rolls and ensuring compliance with state and federal election and privacy laws.[7] Several states—including Maine, Oregon, and Pennsylvania—have already rejected requests for unredacted voter data, citing privacy and security concerns.[8] One county in California is facing a federal lawsuit tied to these demands.[9] Records responsive to this FOIA request would shed light on important questions about the security of voter data raised by this unprecedented federal intervention into states' election infrastructure.

  CREW is a nonprofit corporation, organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the public's right to be aware of the activities of government officials and to ensuring the integrity of the federal government. CREW uses a combination of research, litigation, and advocacy to advance its mission. CREW intends to analyze the information responsive to this request and to share its analysis with the public through reports, press releases, or other means. In addition, CREW will disseminate any documents it acquires from this request to the public through its website, www.citizensforethics.org. The release of information obtained through this request is not in CREW's financial interest.

  CREW further requests that it not be charged search or review fees for this request pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) because CREW qualifies as a member of the news media. *See Nat'l Sec. Archive v. U.S. Dep't of Defense*, 880 F.2d 1381, 1386 (D.C. Cir. 1989) (holding non-profit a "representative of the news media" and broadly interpreting the term to include "any person or organization which regularly publishes or disseminates information to the public").

  CREW routinely disseminates information obtained through FOIA to the public in several ways. For example, CREW's website receives over 150,000 page views every month. The website includes blogposts that report on and analyze newsworthy developments regarding government ethics, corruption, and money in politics, as well as numerous reports CREW has published to educate the public about these

---

[4] Matt Cohen, *All the States Where DOJ is Demanding Voting Data,* Democracy Docket (July 18, 2025), https://www.democracydocket.com/news-alerts/all-the-states-where-doj-is-demanding-voting-data/.
[5] Ali Swenson & Gary Fields, *The Justice Department Seeks Voter and Election Information from at Least 19 States, AP Finds*, Associated Press (Aug. 3, 2025), https://apnews.com/article/a04b1522bed0cb6bbc286e25b139701f.
[6] Peter Hancock, *Feds Demand Sensitive Illinois Voter Registration Data After State Responds,* J. Courier (Aug. 19, 2025), https://www.myjournalcourier.com/news/article/doj-illinois-voter-database-20822622.php; Tirzah Christopher, *Pa. Responds to Second Justice Department Letter Seeking Sensitive Voter Information*, PennLive (Aug. 21, 2025), https://www.pennlive.com/politics/2025/08/pa-responds-to-second-justice-department-letter-seeking-sensitive-voter-information.html; Fredreka Schouten, *Trump DOJ Seeks Voter Data, Including Social Security Numbers, from States*, CNN (Sept. 1, 2025), https://www.cnn.com/2025/09/01/politics/trump-voter-demands-social-security.
[7] Patrick Marley & Yvonne Wingett Sanchez, *DOJ hits states with broad requests for voter rolls, election data*, Wash. Post (July 16, 2025), https://www.washingtonpost.com/politics/2025/07/16/trump-voter-fraud-elections/; Yunior Rivas, *DOJ Doubles Down on Demands for Maine's Voter Data, Secretary of State Fires Back,* Democracy Docket (Aug. 20, 2025), https://www.democracydocket.com/news-alerts/doj-doubles-down-on-demands-for-maines-voter-data-secretary-of-state-fires-back.
[8] Matt Cohen, *Oregon and Pennsylvania Are Latest to Reject DOJ Demand for Voter Data*, Democracy Docket (Aug. 22, 2025), https://www.democracydocket.com/news-alerts/oregon-and-pennsylvania-are-latest-to-reject-doj-demand-for-voter-data/.
[9] Sarah Libby, *Was a Dog Sent a Ballot? Inside the DOJ's Strange Lawsuit Seeking California Voter Data*, S.F. Chron. (July 25, 2025), https://www.sfchronicle.com/politics/article/orange-county-vote-lawsuit-20781036.php.

September 4, 2025
Page 4

issues. These reports frequently rely on government records obtained through FOIA. CREW also posts the documents it obtains through FOIA on its website.

Under these circumstances, CREW satisfies fully the criteria for a fee waiver.

## Expedited Processing Request

CREW requests expedited processing this FOIA request pursuant to FOIA, 5 U.S.C. § 552 and 28 C.F.R. 16.5(e). CREW is entitled to expedited processing because there is an "urgency to inform the public concerning actual or alleged Federal Government activity," and CREW "is primarily engaged in disseminating information," 5 U.S.C. § 552(6)(E)(v)(II). In addition, DHS should grant expedited processing because there is "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." 28 C.F.R. § 16.5(e)(iv).

CREW is "primarily engaged in disseminating information" to the public. This "standard 'requires that information dissemination be the main [and not merely an incidental] activity of the requestor,'" but "publishing information 'need not be [the organization's] sole occupation.'" *Protect Democracy Project, Inc. v. U.S. Dep't of Def.*, 263 F. Supp. 3d 293, 298 (D.D.C. 2017). CREW routinely disseminates information obtained through FOIA to the public in several ways. For example, CREW's website receives hundreds of thousands of page views every month. The website includes blogposts that report on and analyze newsworthy developments regarding government ethics, corruption, and money in politics, as well as numerous reports CREW has published to educate the public about these issues. These reports frequently rely on government records obtained through FOIA. CREW also posts the documents it obtains through FOIA on its website. CREW is a credible requestor and disseminator of information often relied on by major media outlets.

Further, the facts demonstrate that (1) the request concerns a matter of current exigency to the American public; (2) the consequences of delaying a response would compromise a significant recognized interest; and (3) the request concerns federal government activity. *Al-Fayed v. C.I.A.*, 254 F.3d 300, 310 (D.C. Cir. 2001).

First, the requested records concern a matter of current exigency to the American public. Since early 2025, the Department has sent letters, emails, and phone requests to state election officials seeking voter registration rolls, election records, and in some cases unredacted identifiers such as Social Security and driver's license numbers. These requests are ongoing in the months before the November 2025 general elections, which include statewide contests in New Jersey, New York, Pennsylvania, and Virginia. Without timely disclosure, the public will not know how federal officials are using or storing their voter data.

Second, delaying a response would undermine voters' state and federal privacy rights. The Privacy Act of 1974 generally requires federal agencies to identify a lawful authority and purpose for requesting personal records.[10] Several states, including Oregon and Pennsylvania, have rejected DOJ's requests for unredacted voter data—such as driver's license and Social Security numbers—citing state privacy protections and the absence of clear federal authority.[11] For example, Arizona officials have so far

---

[10] *See* 5 U.S.C. § 552a(b).
[11] Cohen, supra note 8.

September 4, 2025
Page 5

refused to comply, noting that state law prohibits disclosure of the requested information and that compliance could constitute a felony.[12] California officials have also declined to date, explaining that state law bars release of the requested records.[13] Without expedited disclosure, it will be impossible for the public to evaluate whether their state and federal privacy rights are being protected in the Department's unprecedented requests for large amounts of sensitive personal data before the November 2025 elections. This may affect potential voters' willingness to share their information with state authorities to participate in these upcoming elections. Once such sensitive voter information is released, the harm to Americans' privacy and voting rights cannot be remedied.

Finally, the management and compelled disclosure of voter data by the Department of Justice is a federal government activity. Expedited processing will allow voters, state officials, and policymakers to assess the scope and legality of these actions before the November 2025 elections.

Separately, DOJ's demands have been the subject of national press coverage, including reports by the Associated Press, Washington Post, and San Francisco Chronicle.[14] This coverage reflects widespread public interest and questions about the integrity of the government's role. Under 6 C.F.R. § 5.5(e)(1)(iv), this qualifies as an exceptional case warranting expedited disclosure.

The undersigned certifies that the representations in this expedited processing request are true and correct to the best of his knowledge and belief.

## Conclusion

Where possible, please produce records in electronic format. If you have any questions about this request or foresee any problems in fully releasing the requested records, please email me at kfarchadi@citizensforethics.org and foia@citizensforethics.org or call me at (202) 408-5565. Also, if CREW's request for a fee waiver is denied, please contact our office immediately upon making such a determination.

Sincerely,

*Kayvan Farchadi*

Kayvan Farchadi
Senior Counsel

---

[12] Jeremy Duda, *Fontes Rejects DOJ Request for Arizona Voter Database*, Axios (Sept. 2, 2025), https://www.axios.com/local/phoenix/2025/09/02/fontes-rejects-doj-voter-database.
[13] Shaun Robinson, *Vermont secretary of state says she won't share voter data with Trump administration*, Vt. Digger (Aug. 13, 2025), https://vtdigger.org/2025/08/13/vermont-secretary-of-state-says-she-wont-share-voter-data-with-trump-administration/; Sara DiNatale, *California Officials Say They Can't Hand Over Requested Voter Data Without Privacy Protections*, S.F. Chron. (Sept. 2, 2025), https://www.sfchronicle.com/politics/article/san-francisco-trump-voter-data-21027394.php.
[14] Swenson, supra note 5; Marley, supra note 7; Libby, supra note 9.

# Exhibit B



U.S. Department of Justice

Criminal Division

---

*Office of Enforcement Operations*  Washington, D.C. 20530

**VIA Electronic Mail**  September 16, 2025

Request No. CRM-302349203

Mr. Kayvan Farchadi  Subject: Data Sharing Agreements Between
kfarchadi@citizensforethics.org  DOJ and State or Election Officials

Dear Mr. Farchadi:

    This acknowledges receipt of your Freedom of Information Act (FOIA) request dated, September 4, 2025 seeking records maintained by the Criminal Division concerning the above-mentioned subject. Your request was received in this Office on September 4, 2025. The request number listed above has been assigned to your request. Please use this number in all correspondence concerning your request.

☒ We have not yet made a decision on your request for a fee waiver. We will do so after we determine whether the processing of your request will result in any assessable fees.

☒ We have not yet made a decision on your request for preferred fee status. We will do so after we determine whether the processing of your request will result in any assessable fees.

☒ Your request for expedited treatment has been:

☐ Granted. Accordingly, your request has been assigned to a Government Information Specialist in this Office and we will respond to your request as soon as practicable.

☒ Denied. You have requested expedited processing of your request pursuant to 28 C.F.R. § 16.5(e)(1)(iv). Pursuant to U.S. Department of Justice policy, we directed your request to the Director of Public Affairs, who makes the decision whether to grant or deny expedited processing under this standard. The Director has determined that your request for expedited processing should be denied. Please be advised that, although your request for expedited processing has been denied, it has been assigned to a Government Information Specialist for processing. If you are not satisfied with this response, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account on the following website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically

2

transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

I assure you that your request will be processed as soon as possible. If you have any questions or wish to discuss reformulation or an alternative time frame for the processing of your request, you may contact me by telephone at (202) 616-0307, by email at crm.foia@usdoj.gov, or by mail at FOIA/PA Unit, Criminal Division, U.S. Department of Justice, 950 Constitution Avenue NW, Washington, DC 20530-0001.

You may contact our FOIA Public Liaison at the telephone number listed above for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

    Sincerely,

    FOIA/PA Unit
    Criminal Division
    U.S. Department of Justice

# Exhibit C



November 4, 2025

Kilian B. Kagle
FOIA/PA Branch
Civil Rights Division
4CON, Room 6.153
950 Pennsylvania Ave, N.W.
Washington, DC 20530
CRT.FOIArequests@usdoj.gov

**Re: Freedom of Information Act Request**

Dear FOIA Officer:

Citizens for Responsibility and Ethics in Washington ("CREW") submits this request for records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and Department of Justice ("DOJ") regulations.

Specifically, CREW requests from January 20, 2025 to the date this request is processed:

1. All formal or informal data sharing agreements between DOJ and any state or election official[1] providing access to personally identifiable information ("PII").[2]

2. All records relating to DOJ's use of the Department of Homeland Security's Systematic Alien Verification for Entitlements ("SAVE") system for purposes of verifying the citizenship of voters or voter registrants in any state.

---

[1] "Election official" here is used to describe any state or local official involved in state or federal election administration, including a state's chief election official and members of election boards and commissions.

[2] The term "PII" here is used as defined in OMB Memorandum M-07-16, which refers to information that can be used to distinguish or trace an individual's identity, either alone or when combined with other personal or identifying information that is linked or linkable to a specific individual. Examples of PII include names, social security numbers, and drivers' license numbers. *See* Office of Management & Budget, *Safeguarding Against and Responding to the Breach of Personally Identifiable Information* (May 22, 2007), available at
https://georgewbush-whitehouse.archives.gov/omb/memoranda/fy2007/m07-16.pdf.

info@citizensforethics.org   202.408.5565                                        CITIZENSFORETHICS.ORG

November 4, 2025
Page 2

3. Agency records[3] sufficient to show:

   a. All formal or informal policies, determinations or conclusions (including underlying memoranda) concerning the scope of DOJ's use of the PII it seeks from election officials. This includes records reflecting any plans for how the agency will compile, aggregate, synthesize, match, link, or otherwise combine data obtained from an election official with any other data.

   b. Privacy or data security safeguards in place for protecting PII shared by election officials.

Please search for responsive records regardless of format, medium, or physical characteristics. We seek records of any kind, including paper records, electronic records, audiotapes, videotapes, photographs, data, and graphical material. Our request includes without limitation all correspondence, letters, emails, text messages, facsimiles, telephone messages, voice mail messages, and transcripts, notes, or minutes of any meetings, telephone conversations, or discussions. Our request also includes any attachments to emails and other records, and anyone who was cc'ed or bcc'ed on any emails.

If it is your position any portion of the requested records is exempt from disclosure, CREW requests that you provide it with an index of those documents as required under *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). If some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. *See* 5 U.S.C. § 552(b). If it is your position that a document contains non-exempt segments, but that those non-exempt segments are so dispersed throughout the document as to make segregation impossible, please state what portion of the document is non-exempt, and how the material is dispersed throughout the document. *See Mead Data Central v. U.S. Dep't of the Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977).

Please be advised that CREW intends to pursue all legal remedies to enforce its rights under FOIA. Accordingly, because litigation is reasonably foreseeable, the agency should institute an agencywide preservation hold on all documents potentially responsive to this request.

**Fee Waiver Request**

In accordance with 5 U.S.C. § 552(a)(4)(A) and agency regulations, CREW requests a waiver of fees associated with processing this request for records. The subject of this request concerns the operations of the federal government, and the disclosures likely will contribute to a better understanding of relevant government procedures by CREW and the general public in a significant way. *See id.* § 552(a)(4)(A)(iii). Moreover, the request primarily and

---

[3] "Agency records" here is used within the meaning of 5 U.S.C. § 552 and, unless otherwise indicated, "agency records" sought in this FOIA request and each of its numbered and lettered subparts include communications sent or received by DOJ regarding the subject matter described in that subpart.

November 4, 2025
Page 3

fundamentally is for non-commercial purposes. *See, e.g., McClellan Ecological v. Carlucci*, 835 F.2d 1282, 1285 (9th Cir. 1987).

On March 25, 2025, President Trump signed Executive Order 14,248, Preserving and Protecting the Integrity of American Elections (the "Elections EO"), which, among other things, directs DHS to provide State and local officials with "access to appropriate systems for verifying the citizenship or immigration status of individuals registering to vote or who are already registered." 90 Fed. Reg. 14005 (Mar. 28, 2025). The Elections EO also instructs the DOJ to "take all appropriate action to enter into information-sharing agreements . . . with the chief State election official or multi-member agency of each State." To the extent that states are unwilling to cooperate with the federal government's expanded role, the Attorney General is called to "prioritize enforcement of Federal election integrity laws in such States" and "review for potential withholding of grants and other funds" for state and local law enforcement. *Id.*

Following the directives in the EO, the DOJ began demanding an unprecedented volume of confidential voter information, including full copies of computerized voter registration lists, from election officials across the country.[4] At least 40 states have confirmed receiving requests to date[5] seeking information ranging from voter rolls and registration applications to sensitive details such as partial Social Security and driver's license numbers.[6] The scope and aggressiveness of these demands have sparked pushback from state election officials, who are responsible for maintaining accurate voter rolls and ensuring compliance with state and federal election and privacy laws.[7] Several states have

---

[4] Matt Cohen, *All the States Where DOJ is Demanding Voting Data,* Democracy Docket (July 18, 2025), https://www.democracydocket.com/news-alerts/all-the-states-where-doj-is-demanding-voting-data/.

[5] Kaylie Martinez-Ochoa, Eileen O'Connor, and Patrick Berry, Tracker of Justice Department Requests for Voter Information, Brennan Center (last updated: October 28, 2025), https://www.brennancenter.org/our-work/research-reports/tracker-justice-department-requests-voter-information.

[6] Peter Hancock, *Feds Demand Sensitive Illinois Voter Registration Data After State Responds,* J. Courier (Aug. 19, 2025), https://www.myjournalcourier.com/news/article/doj-illinois-voter-database-20822622.php; Tirzah Christopher, *Pa. Responds to Second Justice Department Letter Seeking Sensitive Voter Information*, PennLive (Aug. 21, 2025), https://www.pennlive.com/politics/2025/08/pa-responds-to-second-justice-department-letter-seeking-sensitive-voter-information.html; Fredreka Schouten, *Trump DOJ Seeks Voter Data, Including Social Security Numbers, from States*, CNN (Sept. 1, 2025), https://www.cnn.com/2025/09/01/politics/trump-voter-demands-social-security.

[7] Patrick Marley & Yvonne Wingett Sanchez, *DOJ hits states with broad requests for voter rolls, election data*, Wash. Post (July 16, 2025), https://www.washingtonpost.com/politics/2025/07/16/trump-voter-fraud-elections/; Yunior Rivas, *DOJ Doubles Down on Demands for Maine's Voter Data, Secretary of State Fires Back,* Democracy Docket (Aug. 20, 2025), https://www.democracydocket.com/news-alerts/doj-doubles-down-on-demands-for-maines-voter-data-secretary-of-state-fires-back.

November 4, 2025
Page 4

already rejected requests for unredacted voter data, citing privacy and security concerns, [8] and are now facing federal lawsuits tied to these demands.[9] Records responsive to this FOIA request would shed light on important questions about the security of voter data raised by this unprecedented federal intervention into states' election infrastructure.

CREW is a nonprofit corporation, organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the public's right to be aware of the activities of government officials and to ensuring the integrity of the federal government. CREW uses a combination of research, litigation, and advocacy to advance its mission. CREW intends to analyze the information responsive to this request and to share its analysis with the public through reports, press releases, or other means. In addition, CREW will disseminate any documents it acquires from this request to the public through its website, www.citizensforethics.org. The release of information obtained through this request is not in CREW's financial interest.

CREW further requests that it not be charged search or review fees for this request pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) because CREW qualifies as a member of the news media. *See Nat'l Sec. Archive v. U.S. Dep't of Defense*, 880 F.2d 1381, 1386 (D.C. Cir. 1989) (holding non-profit a "representative of the news media" and broadly interpreting the term to include "any person or organization which regularly publishes or disseminates information to the public").

CREW routinely disseminates information obtained through FOIA to the public in several ways. For example, CREW's website receives over 150,000 page views every month. The website includes blogposts that report on and analyze newsworthy developments regarding government ethics, corruption, and money in politics, as well as numerous reports CREW has published to educate the public about these issues. These reports frequently rely on government records obtained through FOIA. CREW also posts the documents it obtains through FOIA on its website.

Under these circumstances, CREW satisfies fully the criteria for a fee waiver.

**Expedited Processing Request**

CREW requests expedited processing this FOIA request pursuant to FOIA, 5 U.S.C. § 552 and 28 C.F.R. 16.5(e). CREW is entitled to expedited processing because there is an "urgency to inform the public concerning actual or alleged Federal Government activity," and CREW "is primarily engaged in disseminating information," 5 U.S.C. § 552(6)(E)(v)(II). In

---

[8] Matt Cohen, *Oregon and Pennsylvania Are Latest to Reject DOJ Demand for Voter Data*, Democracy Docket (Aug. 22, 2025), https://www.democracydocket.com/news-alerts/oregon-and-pennsylvania-are-latest-to-reject-doj-demand-for-voter-data/.

[9] *See* Martinez-Ochoa, supra note 6; Sarah Libby, *Was a Dog Sent a Ballot? Inside the DOJ's Strange Lawsuit Seeking California Voter Data*, S.F. Chron. (July 25, 2025), https://www.sfchronicle.com/politics/article/orange-county-vote-lawsuit-20781036.php.

November 4, 2025
Page 5

addition, DHS should grant expedited processing because there is "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." 28 C.F.R. § 16.5(e)(iv).

 CREW is "primarily engaged in disseminating information" to the public. This "standard 'requires that information dissemination be the main [and not merely an incidental] activity of the requestor,'" but "publishing information 'need not be [the organization's] sole occupation.'" *Protect Democracy Project, Inc. v. U.S. Dep't of Def.*, 263 F. Supp. 3d 293, 298 (D.D.C. 2017). CREW routinely disseminates information obtained through FOIA to the public in several ways. For example, CREW's website receives hundreds of thousands of page views every month. The website includes blogposts that report on and analyze newsworthy developments regarding government ethics, corruption, and money in politics, as well as numerous reports CREW has published to educate the public about these issues. These reports frequently rely on government records obtained through FOIA. CREW also posts the documents it obtains through FOIA on its website. CREW is a credible requestor and disseminator of information often relied on by major media outlets.

 Further, the facts demonstrate that (1) the request concerns a matter of current exigency to the American public; (2) the consequences of delaying a response would compromise a significant recognized interest; and (3) the request concerns federal government activity. *Al-Fayed v. C.I.A.*, 254 F.3d 300, 310 (D.C. Cir. 2001).

 First, the requested records concern a matter of current exigency to the American public. Since early 2025, the Department has sent letters, emails, and phone requests to state election officials seeking voter registration rolls, election records, and in some cases unredacted identifiers such as Social Security and driver's license numbers. These requests are ongoing in the leadup to the November 2026 federal and state elections. DOJ has confirmed that DOJ is sharing state voter roll information with DHS to search for non-citizens for investigatory purposes.[10] The DOJ has filed lawsuits against eight states seeking to compel them to release their full voter registration records.[11] Meanwhile, two states have submitted their full statewide voter registration lists.[12] Without timely disclosure, the public will not know how federal officials are using or storing their voter data. The exigency is increased by the fact that individuals may face criminal investigation and prosecution based on the data their states are sharing with the federal government.

 Second, delaying a response would undermine voters' state and federal privacy rights. The Privacy Act of 1974 generally requires federal agencies to identify a lawful authority and purpose for requesting personal records. *See* 5 U.S.C. § 552a(b). Several states,

---

[10] *See* Jonathan Shorman, DOJ is sharing state voter roll lists with Homeland Security, Stateline (Sept 12, 2025), https://perma.cc/ZU9N-GHTC.

[11] Press Release, Justice Department Sues Six States for Failure to Provide Voter Registration Rolls, DOJ (Sept. 25, 2025), https://www.justice.gov/opa/pr/justice-department-sues-six-states-failure-provide-voter-registration-rolls.

[12] *See* Martinez-Ochoa, supra note 6.

November 4, 2025
Page 6

including Oregon and Pennsylvania, have rejected DOJ's requests for unredacted voter data—such as driver's license and Social Security numbers—citing state privacy protections and the absence of clear federal authority.[13] Arizona officials have so far also refused to comply, noting that state law prohibits disclosure of the requested information and that compliance could constitute a felony.[14] California officials have also declined to date, explaining that state law bars release of the requested records.[15] Without expedited disclosure, it will be impossible for the public to evaluate whether their state and federal privacy rights are being protected in the Department's unprecedented requests for large amounts of sensitive personal data before the November 2026 elections. This may affect potential voters' willingness to share their information with state authorities to participate in next year's elections. Once such sensitive voter information is released, the harm to Americans' privacy and voting rights cannot be remedied.

      Finally, the management and compelled disclosure of voter data by the Department of Justice is a federal government activity. Expedited processing will allow voters, state officials, and policymakers to assess the scope and legality of these actions before the November 2026 elections.

      Separately, DOJ's demands have been the subject of national press coverage, including reports by the Associated Press, Washington Post, and San Francisco Chronicle.[16] This coverage reflects widespread public interest and questions about the integrity of the government's role. Under 28 C.F.R. § 16.5(e), this qualifies as an exceptional case warranting expedited disclosure.

      The undersigned certifies that the representations in this expedited processing request are true and correct to the best of his knowledge and belief.

---

[13] Cohen, supra note 8.
[14] Jeremy Duda, *Fontes Rejects DOJ Request for Arizona Voter Database*, Axios (Sept. 2, 2025), https://www.axios.com/local/phoenix/2025/09/02/fontes-rejects-doj-voter-database.
[15] Shaun Robinson, *Vermont secretary of state says she won't share voter data with Trump administration*, Vt. Digger (Aug. 13, 2025), https://vtdigger.org/2025/08/13/vermont-secretary-of-state-says-she-wont-share-voter-data-with-trump-administration/; Sara DiNatale, *California Officials Say They Can't Hand Over Requested Voter Data Without Privacy Protections*, S.F. Chron. (Sept. 2, 2025), https://www.sfchronicle.com/politics/article/san-francisco-trump-voter-data-21027394.php.
[16] Swenson, supra note 5; Marley, supra note 7; Libby, supra note 9.

November 4, 2025
Page 7

## Conclusion

      Where possible, please produce records in electronic format. If you have any questions about this request or foresee any problems in fully releasing the requested records, please email me at kfarchadi@citizensforethics.org and foia@citizensforethics.org or call me at (202) 408-5565. Also, if CREW's request for a fee waiver is denied, please contact our office immediately upon making such a determination.

      Sincerely,

      *Kaf*

      Kayvan Farchadi
      Senior Counsel

# Exhibit D

11/19/25, 11:16 AM  Citizens for Responsibility and Ethics in Washington Mail - Fwd: Automatic reply: [EXTERNAL] FOIA and Expedited Processing R…

Case 1:25-cv-04436-CKK   Document 8-3   Filed 01/30/26   Page 19 of 19



Alert CREW <alerts@citizensforethics.org>

## Fwd: Automatic reply: [EXTERNAL] FOIA and Expedited Processing Requests
1 message

**Kayvan Farchadi** <kfarchadi@citizensforethics.org>  Tue, Nov 4, 2025 at 2:39 PM
To: CREW FOIA <foia@citizensforethics.org>

FYI

---------- Forwarded message ---------
From: **FOIArequests, CRT (CRT)** <CRT.FOIArequests@usdoj.gov>
Date: Tue, Nov 4, 2025 at 2:35 PM
Subject: Automatic reply: [EXTERNAL] FOIA and Expedited Processing Requests
To: Kayvan Farchadi <kfarchadi@citizensforethics.org>


At present, the government has not been funded.   It is uncertain how many days this office will be closed. The FOI/PA Branch will be unable to respond to email nor to telephone messages until funding has been authorized.  Please resubmit your FOIA/PA request upon restoration of government appropriations, thank you.