IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>      *Plaintiff*,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br>      *Defendant*. | Case 1:25-cv-4426 (CKK) |

### DECLARATION OF MARK H. HERRINGTON

I, Mark H. Herrington, declare the following to be true and correct:

1. I am the Deputy Chief of the Freedom of Information Act ("FOIA")/Privacy Act ("PA") Unit in the Office of Enforcement Operations in the Criminal Division of the United States Department of Justice ("Department" or "DOJ"). I have held this position since January 2025. Prior to working for the Department, I spent 18 years as an Associate Deputy General Counsel with the Department of Defense, where I was agency counsel in FOIA litigations.

2. In my capacity as the Deputy Chief of the FOIA/PA Unit, and in conjunction with the Chief of the FOIA/PA Unit, I supervise the handling of FOIA and PA requests processed by the FOIA/PA Unit, including those that are the subject of litigation. I am responsible for, among other things, providing litigation support and assistance to Assistant United States Attorneys and Civil Division Trial Attorneys who represent the Criminal Division in lawsuits filed in federal court under the FOIA and/or the PA stemming from requests for Criminal Division records.

3. The FOIA/PA Unit is responsible for processing FOIA/PA requests that seek records from the Criminal Division. The FOIA/PA Unit determines whether the Criminal

1

Division maintains records responsive to FOIA/PA requests, and if so, whether they can be released in accordance with the FOIA and the Privacy Act. In processing such requests, the FOIA/PA Unit consults with personnel in the Criminal Division sections where potentially responsive records may be maintained and, when appropriate, with other components within the Department of Justice, as well as with other Executive Branch agencies.

4. Due to the nature of my official duties, I am familiar with the procedures followed by the Criminal Division in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the PA, 5 U.S.C. § 552a. Specifically, I am familiar with the FOIA request submitted by Plaintiff to the Criminal Division that is at issue in this litigation and the Criminal Division's handling of the request.

5. I make the statements herein on the basis of personal knowledge and on information I acquired in the course of performing my official duties, including my familiarity with the FOIA/PA Unit's resources and procedures for responding to its administrative FOIA requests and requests in litigation, and my review of the request at issue in this case.

6. The purpose of this declaration is to respond to Plaintiff's Motion for a Preliminary Injunction.

## ADMINISTRATIVE HISTORY AND CRIMINAL DIVISION'S PROCESSING OF PLAINTIFF'S FOIA REQUEST

7. On September 4, 2025, the Criminal Division received a FOIA request, dated September 4, 2025, from the Plaintiff seeking records related to data sharing agreements between DOJ and State or Election Officials.

8. Upon receipt of Plaintiffs' FOIA request, the Criminal Division reviewed the request and assigned it administrative tracking number CRM-302349203. On September 16,

2025, the Criminal Division acknowledged receipt of the request and denied Plaintiff's request for expedited processing.

9. On September 16, 2025, the FOIA/PA Unit initiated an initial search effort in the Criminal Division section likely to maintain responsive records.

10. Plaintiff filed the instant lawsuit on December 19, 2025. *See* ECF. No. 1. Then, on January 30, 2026, Plaintiff filed a Motion for Preliminary Injunction. *See* ECF No. 8.

11. The Criminal Division was made aware of the filing of this lawsuit, as well as the Motion for Preliminary Injunction, on February 2, 2026.

**CURRENT STATUS OF CRIMINAL DIVISION'S PROCESSING OF PLAINTIFF'S FOIA REQUEST**

12. The FOIA/PA Unit expects to finalize the search in this matter, including working with the Criminal Division's Information Technology Management ("ITM") Unit staff to conduct an electronic search of relevant email communications and shared drives by February 27, 2026. The FOIA/PA Unit anticipates issuing at least an interim disclosure determination within 60 days after the searches are completed, or by approximately April 28, 2026. Until the search is completed, the Criminal Division cannot know the volume or complexity of the records, but it does not anticipate a volume that would necessitate processing 5,000 pages per month in order to complete the processing in a reasonable amount of time.

**CRIMINAL DIVISION'S FOIA/PA UNIT STAFFING LEVELS AND WORKLOAD**

13. The FOIA/PA Unit is responsible for processing FOIA and Privacy Act access requests seeking records from the seventeen sections within the Criminal Division,[1] and is a

---

[1] The Criminal Division is comprised of sixteen sections: the Office of the Assistant Attorney General, the Appellate Section, the Computer Crime and Intellectual Property Section, the Capital Case Section, the Child Exploitation and Obscenity Section, the Fraud Section, the

3

relatively small office. The FOIA/PA Unit has four Government Information Specialists primarily responsible for the initial processing of all records pertaining to Criminal Division requests, three attorneys responsible for the management and review of those same requests (with oversight from the Deputy Chief and Chief), and one final reviewer, not including the Chief and Deputy Chief. The FOIA/PA staff handles all aspects of the administration of the FOIA, including searching, conducting responsiveness and de-duplication reviews, processing responsive records, coordinating consultations, and drafting pleadings. This work is subject to review by the Deputy Chief and/or Chief.

14. The FOIA/PA Unit has an administrative request queue and a litigation queue. The FOIA/PA Unit assigns tracking numbers to all administrative requests (which includes FOIA/PA requests, consultations requests, and referrals directed to the Criminal Division) and requests that are subject to litigation. The tracking numbers allow the Unit to determine where an administrative request or litigation is in the respective queue. When a requester files a lawsuit, the administrative request tracking number is generally closed, and a litigation request tracking number is opened.

15. As of February 5, 2026, this Office has approximately 1,365 open administrative requests (which includes all incoming FOIA and PA access requests, as well as all consultations and referrals from other agencies pertaining to their FOIA/PA requests). There are 18 open administrative requests that were granted expedited processing. This Office currently has approximately 125 open litigation matters, including three that were granted expedited

---

Human Rights and Special Prosecutions Section, the International Criminal Investigative Training Assistance Program, the Money Laundering, Narcotics and Forfeiture Section, the Office of Enforcement Operations, the Office of International Affairs, the Violent Crime and Racketeering Section, the Office of Overseas Prosecutorial Development, Assistance and Training, the Office of Policy and Legislation, Office of Administration, Tax Section, and the Public Integrity Section.

processing, in its litigation queue (which includes all incoming FOIA and PA access direct Criminal Division litigation and litigation consultations and referrals from other agencies).

16. Of the 125 litigation matters, the Criminal Division is a named defendant in 57 cases; the remaining 68 matters are litigation consultations and referrals from DOJ components and/or Executive Branch agencies. The instant case is number 125 in the litigation queue. 23 of the Criminal Division's named litigation matters are in active search or processing stages and the records are being processed. In addition, three cases are at varying stages of briefing, with FOIA/PA Unit personnel preparing declarations, drafting *Vaughn* Indices, and negotiating settlements.

17. Plaintiff's administrative request would have been approximately number 1,111 in our open administrative request queue and is number 125 in our litigation queue, i.e., the most recently received litigation. Generally speaking, the Criminal Division processes requests on a first- in, first-out basis. If Plaintiff's Motion for Preliminary Injunction to process Plaintiff's request more quickly were granted, the FOIA/PA Unit would have to displace those other FOIA requests (administrative and litigation cases), the vast majority of which pre-date Plaintiff's request, including the requests for which expedition was granted.

18. Through its Motion for Preliminary Injunction, filed on January 30, 2026, Plaintiff seeks an order directing the FOIA/PA Unit to produce all non-exempt responsive records, including a *Vaughn* index, processing no fewer than 5,000 pages of potentially responsive records per month. The FOIA/PA Unit cannot meet that deadline without significantly compromising its responsibilities regarding other FOIA requesters (administrative and litigation cases, including those described above). The Criminal Division does not anticipate having a voluminous set of records, but hypothetically processing 5,000 pages per month would

at minimum require 2 or 3 FOIA/PA Unit personnel to spend the majority of their time on Plaintiff's request, which would equate to 25-30% of the Division's non-supervisory staff.

19. Complete processing of Plaintiff's request will require completion of all records searches (initial and any necessary follow-up), responsiveness review of the collected records, application of any appropriate FOIA exemptions, consultation with or referrals to other Department components or/or other Executive Branch entities as required by Department regulations (28 C.F.R. § 16.4(d)), prior to making final disclosure determinations, and to produce responsive, non-exempt material, including a *Vaughn* index, to Plaintiff. Nonetheless, the Criminal Division's FOIA/PA Unit is diligently working to respond to Plaintiff's request as soon as practicable and anticipates issuing, at a minimum, its first interim response by April 28, 2026.

I declare under penalty of perjury that the foregoing is true and correct.

Mark H. Herrington

Executed this 9th day of February 2026