**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CITIZENS FOR RESPONSIBILITY AND
ETHICS IN WASHINGTON,

       Plaintiff,

    v.

U.S. DEPARTMENT OF JUSTICE,

       Defendant.

Civil Action No. 25-4426 (CKK)

**MEMORANDUM OPINION & ORDER**
(March 24, 2026)

The parties in this Freedom of Information Act ("FOIA") case have filed their first status report after the Court ordered the Defendant to expedite its responses to the Plaintiff's FOIA requests.  *See* Joint Status Report ("JSR"), Dkt. No. 17; Order, Dkt. No. 14.  For the reasons that follow, the Court shall order the Defendant to accelerate its processing of records that are potentially responsive to the Plaintiff's requests.

**I.**

In this case, as the Court explained at greater length in its recent Memorandum Opinion, Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") seeks records from two components of the U.S. Department of Justice ("DOJ") about DOJ's recent efforts to obtain and centralize voter information from state election officials throughout the country.  *See* Mem. Op., Dkt. No. 15.  CREW originally requested that the Court order DOJ to process records potentially responsive to this request at a rate of 5,000 pages per month.  *See* Pl.'s Mot., Dkt. No. 8.  The Court denied that request without prejudice, stating that CREW may renew it "upon a showing that DOJ is not producing records in a timely manner and that an order for a specific processing rate is warranted."  Order, Dkt. No. 14, at 1.  However, the Court ordered the parties

1

to meet and confer to "to prioritize among the records to be processed in response to CREW's FOIA requests and to develop a schedule for expedited processing, with productions to begin as soon as practicable." *Id.* at 1–2.

After an initial conference, the parties report that DOJ has begun processing CREW's request, but the parties are at odds over both the appropriate processing rate and the prioritization of subcategories within CREW's requests. *See* JSR, Dkt. No. 17. The parties report that the Civil Rights Division likely holds most of the potentially responsive documents in this case, amounting to "less than 8,000" documents in total. *Id.* at 3. The Civil Rights Division expects to process these documents at a rate of "at least 250 pages per month," with the next interim release occurring by April 24, 2026. *Id.* at 4. To date, DOJ has produced two responsive documents, with a total length of 19 pages. *See id.* at 8. Meanwhile, CREW has proposed several categories of priority items for DOJ to prioritize in its processing, but DOJ argues that the proposed priorities are improper. *Id.* at 3–4. Specifically, DOJ argues that the proposed priorities improperly "seek documents from multiple requests" or are "broader than the underlying FOIA requests." *Id.* at 4.

CREW now seeks an order directing DOJ to process responses to specific items that it argues are undisputed priorities by next Monday, March 30, 2026, and it renews its request for a processing rate of 5,000 pages per month going forward. JSR, Dkt. No. 17, at 17. DOJ opposes this request and instead proposes that the parties meet and confer to discuss which documents to prioritize while processing records at a rate of 250 pages per month. *Id.* at 4.

**II.**

Upon consideration of the parties' submissions, the relevant legal authority, and the entire present record, the Court shall **GRANT IN PART** and **DEFER IN PART** CREW's renewed request for an order directing DOJ to process specific items at a specific rate.

2

The modest processing rate that DOJ has proposed—250 pages per month—stands in contrast to the remarkable speed and scope of its underlying initiative to collect and process voter data from state election officials.  As the Court explained in its prior Memorandum Opinion, DOJ has now reportedly requested sensitive voter data from nearly every State and the District of Columbia.  *See* Mem. Op., Dkt. No. 15, at 4–7.  At least 11 States have already responded to DOJ by either providing their voter lists or stating that they intend to do so, and DOJ has filed at least 25 federal lawsuits to compel others to produce this information.  *Id.* CREW cites public reporting indicating that the voter list that DOJ is compiling is "the largest set of national voter roll data it has ever collected."  *Id.* at 6 (quoting Pl's Mem., Dkt. No. 8-1, at 7).  Meanwhile, DOJ reports that it expects to respond to CREW's FOIA requests under its standard processing rate of just 250 pages per month.  JSR, Dkt. No. 17, at 4.

DOJ's proposed processing rate is not commensurate with the "importance and urgency" of CREW's FOIA requests, which this Court previously concluded give rise to "an unusually strong public interest in timely disclosure."  *See* Mem. Op. at 14, 22.  Given the "inherently time-limited nature of the election cycle," a processing rate of 250 pages per month is insufficient. *See id.* at 22.  At that rate, DOJ will only have processed a small fraction of the potentially responsive documents by November's general election—to say nothing of the primary elections that are currently ongoing throughout the country.  Because the relevance and importance of CREW's request is based on the public's compelling interest in understanding policies affecting the current election cycle, DOJ must accelerate its processing of CREW's request to meet the urgency of that interest.

Although the parties disagree about exactly which records DOJ should produce first, it appears to the Court that the parties should be able to narrow their disagreements, particularly

once DOJ begins processing records at an accelerated rate.  The need for accelerated processing may also diminish quickly once DOJ has produced the most important and urgent of the records that CREW seeks.

As the parties work to narrow or resolve their disputes, DOJ must be mindful of its "duty to construe a FOIA request liberally."  *Evans v. Fed. Bureau of Prisons*, 951 F.3d 578, 583 (D.C. Cir. 2020) (quoting *Nation Magazine, Wash. Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995)).  The parties' status report indicates that DOJ objects to CREW's prioritization because, in DOJ's view, CREW's list of proposed priorities "substantially rewrites" the relevant FOIA requests and "is broader than" the underlying requests.  *See* JSR, Dkt. No. 17, at 4.  On the present record, the Court is not persuaded by these arguments.  CREW's proposed list of priority items, as revised in response to DOJ's feedback in the parties' recent status report, appears to reflect a valid subset of the information covered by the FOIA requests for which this Court has ordered expedited processing.

To allow the parties an opportunity to narrow their disputes, the Court shall not order DOJ to produce specific priority documents by next Monday or to process records at a rate of 5,000 pages per month going forward, as CREW has requested.  Instead, the Court shall order DOJ to begin processing at rate of 1,000 pages per week and to report on the status of its productions every two weeks, beginning one week from today.  The Court shall also order the parties to meet and confer in a further effort to narrow their disagreements about which parts of CREW's FOIA requests should be prioritized.

On the present record, it appears to the Court that these steps should quickly resolve the most important and urgent aspects of CREW's requests.  The Court expects that the parties will work in good faith to accomplish that objective.  Upon a showing that DOJ has produced those

responsive records "for which there is the most urgent need to inform the public," the Court will entertain a motion to modify this processing and production schedule. *See* Mem. Op. at 24.

### III.

For the foregoing reasons, and for all the reasons explained in the [15] Memorandum Opinion accompanying the Court's prior [14] Order, it is hereby:

**ORDERED** that DOJ shall expedite its processing of CREW's FOIA requests at issue by processing no less than **1,000 pages of potentially responsive records per week**, making a further interim production of responsive records—accompanied by a *Vaughn* index, if appropriate—on or before **March 31, 2026**; and further

**ORDERED** that DOJ shall continue to process potentially responsive records at a rate of 1,000 pages per week, making interim productions **every two weeks** (14 calendar days) thereafter, until further order of the Court; and further

**ORDERED** that on or before **March 27, 2026**, the parties shall further **MEET AND CONFER** in good faith to resolve or narrow their disagreements about the scope of the set of items to be prioritized.

The Court will modify the processing and production schedule established in this Order upon a showing that DOJ is adequately prioritizing the "prompt production of records for which the public interest in disclosure is most urgent and therefore most likely to outweigh other requestors' interest in prompt processing of other FOIA requests." *See* Order, Dkt. No. 14.

**SO ORDERED.**

**Dated:** March 24, 2026

COLLEEN KOLLAR-KOTELLY
United States District Judge

5