UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CITIZENS FOR RESPONSIBILITY AND
ETHICS IN WASHINGTON,

Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE,

Defendant.

Civil Action No. 25-4426 (CKK)

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE OR
CLARIFY**

Defendant, the Department of Justice (the "Department" or "DOJ"), respectfully opposes

Plaintiff Citizens for Responsibility and Ethics in Washington's ("CREW") "Motion to Enforce or

Clarify the Court's February 19 and March 24 Orders" ("Motion") (ECF No. 22) in this Freedom

of Information Act ("FOIA") case.

**ARGUMENT**

CREW's motion nominally asks the Court to "clarify" its February 19 (ECF No. 15) and

March 24 (ECF No. 18) Orders (collectively, "Orders"). In practice, CREW is not so much asking

the Court to clarify what the Court meant by these Orders, but rather to adopt CREW's own highly

idiosyncratic interpretation of these Orders. CREW's preferred interpretation is inconsistent with

FOIA practice and caselaw, would require that the Court exercise authority over parties not before

it and, if adopted, would be patently unfair to Defendant by requiring impracticable performance.

Furthermore, CREW's request that the Court order an updated *Vaughn* index is premature, and

should wait until the Parties are ready to move for summary judgment.

**I.    Consulting agencies were facially not subject to the Court's Orders, and CREW has provided no authority supporting the premise that they can be bound by them.**

The motion's most ambitious request is that the Court find that the processing rate ordered by the Court applies not just to DOJ, but also that the "Court's February 19 and March 24 Orders and a 1,000 page-per-week processing rate bind the Consulting Agencies," Motion, ECF No. 22-1 at 12, meaning agencies outside DOJ that have equities in the records and have received consultation requests about them. CREW asks the Court to adopt this interpretation despite the text of the March 24 Order ("ORDERED that *DOJ* shall expedite its processing of CREW's FOIA requests at issue by processing no less than 1,000 pages of potentially responsive records per week") (ECF No. 18 at 5, emphasis added) and the Court's subsequent Minute Order of April 23 ("ORDERED that all components *of DOJ*, including components that receive records referred internally for consultation, must process records responsive to CREW's FOIA requests at issue here at a rate of at least 1,000 pages per week until further order of this Court") (emphasis added), that expressly limit the processing rate to DOJ and its components.

CREW's authority to support this is threadbare. CREW cites only one case: *Wash. Metro. Area Transit Com'n v. Reliable Limousine Serv.,* 776 F.3d 1, 9 (D.C. Cir. 2015), which is **not** a FOIA case and instead deals with a private lawsuit against a limousine company that was found to be "substantially dominated, directed and controlled" by a man who was subject to an injunction. *Id.*at 10. This is clearly disanalogous to the present situation, unless CREW is alleging that the DOJ "substantially dominate[s], direct[s] and control[s]" other departments of the government like the Department of Homeland Security ("DHS").

CREW cites no authority, nor is Defendant aware of any, that would permit this Court to exercise jurisdiction over and compel the processing rate of agencies that are not before it, were

not named in the Complaint, and were not themselves the subject of CREW's FOIA requests. It also is facially clear from the Orders that the Court did not intend to do so.

**II.     It is unfair to hold DOJ in violation of the Court's Orders when DOJ has completed all steps of the process within its control; even if the Court finds that documents sent for external consults do not count towards DOJ's processing obligations, DOJ has <u>more than met those obligations with other documents.</u>**

Next, CREW asks the Court to find that "DOJ has not completed processing the Consultation Pages that are still pending consultation with the Consulting Agencies." Motion, ECF No. 22-1 at 19.

Referring certain documents to other agencies is a routine part of FOIA requests. "Courts in this district have long recognized the permissibility of such a referral." *Elec. Privacy Info. Ctr. v. DOJ*, 296 F. Supp. 3d 109, 123 (D.D.C. 2017); *see also Sussman v. U.S. Marshals Service*, 494 F.3d 1106, 1118 (D.C. Cir. 2007). At present, there are only 575 pages pending consult with non-DOJ agencies (primarily DHS, and its components Immigration and Customs Enforcement ("ICE"), and United States Citizenship and Immigration Services ("USCIS"); less than 30 pages are with the Office of Management and Budget ("OMB"). This represents *three percent* of the 15,692 pages that DOJ, through its Civil Rights component ("CRT"), has processed in the course of this litigation, almost entirely since the Court's March 24 Order.

First, regardless of whether external consults count as processed for the purpose of the Court's Orders (and specifically the March 24 processing rate), DOJ is clearly in compliance with the Orders, since it has processed over 15,000 pages since the March 24 Order established the processing rate (not including the 575 that have been externally referred). Thus, in six weeks DOJ has processed approximately *2,500* pages per week, well in excess of the 1,000 page per week rate ordered by the Court. Stated another way, based on the 15,000 pages already processed since March 24, 2026, DOJ is in compliance with the 1,000 page per week rate through July 7, 2026,

which is 15 weeks from March 24, even were it not to produce a single additional document through that date. Thus, DOJ cannot possibly be out of compliance with the Orders before that date, solely based on the processing (without external consults) that it has already completed. At a minimum, therefore, the Court should defer ruling on an issue that will not become ripe until after July 7, 2026, and by then may already be moot.

Moreover, FOIA's expedited processing provisions on which this Court's preliminary injunction is based, *Citizens for Resp. & Ethics in Wash. v. Dept. of Just.,* Civ. A. No. 25-4426, 2026 U.S. Dist. LEXIS 34466, at *20 (D.D.C. Feb. 19, 2026), do not contemplate that agencies will be ordered to do the impossible, but only what is "practicable." 5 U.S.C. § 552(a)(6)(E)(iii) ("An agency shall process as soon as practicable any request for records to which the agency has granted expedited processing under this subparagraph."). DOJ has done everything within its power to process the 575 external consult documents – the only remaining step before production or proper withholding is for the consults to be returned from other agencies which DOJ cannot control or direct, beyond urging them to treat this as a priority matter (see Defendant's Statement in the April 22 Joint Status Report, "Consulting agencies… have been repeatedly impressed that this matter is subject to expedited processing and a preliminary order," ECF No. 20 at 7). Again, DOJ is clearly in compliance with the Court's Orders because it has processed all responsive records at a rate exceeding that set forth in the Court's orders and all that remains are external consults to other agencies. As to those records, it would be patently unfair to hold that DOJ is in violation of the Court's Orders when DOJ has done *everything that is in its power to do* to comply. A court "may not require an agency to render performance that is impossible," *AHA v. Price*, 867 F.3d 160, 167 (D.C. Cir. 2017), or to expedite processing beyond what is "practicable," which is the applicable statutory language on which this Court's preliminary injunction is based.

CREW's supporting caselaw is misplaced. CREW cites *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013), for the proposition that DOJ "may desire to keep FOIA requests bottled up in limbo" but is not permitted to do so. First, DOJ does not desire, and nor does the record reflect any attempt by it, to "bottle[] up in limbo" CREW's FOIA requests. On the contrary, DOJ has made consistent and diligent efforts to accommodate CREW and comply with the Court's Orders, processing *well* in excess of the rate ordered by the Court and providing regular updates to CREW when requested even where not required by the Court. Moreover, *CREW v. FEC* is not about external referrals and consultations at all; it deals with an agency's attempt to create a "Catch-22" that blocked FOIA lawsuits until an administrative appeal concluded while refusing to conduct that administrative appeal. *CREW* 711 F.3d at 186. Aside from involving FOIA, there is no analogy to the present case.

CREW itself admits that "CREW has identified no case directly addressing consultations." Motion at 15. CREW is asking the Court to create novel caselaw that would require agencies to render performance that is impossible. At the very least, this issue should be tabled as unripe until July 7, 2026, because until then DOJ's already-completed productions to date suffice standing alone to satisfy the 1,000 pages per week processing rate ordered by the Court. Multiple external consults have already been fully returned, including from the Executive Office of the President and the Social Security Administration. It is likely that by the time this issue becomes ripe, it will be moot.

However, if and when the Court chooses to address this issue, the Court should not penalize DOJ for any alleged delay in processing other agencies outside DOJ's control and outside this Court's jurisdiction.

**III.    It would be untimely and waste party and judicial resources to order a new *Vaughn* index at this time.**

Finally, CREW asks that the Court order DOJ "to produce a revised, comprehensive *Vaughn* index." Motion, ECF No. 22-1 at 19. This Court previously ordered DOJ's interim production of March 31, 2026 to be "accompanied by a *Vaughn* index, if appropriate." March 24 Order, ECF No. 18 at 5.

DOJ has exceeded that Order by providing multiple interim *Vaughn* indices, as CREW acknowledges (attaching "DOJ's interim *Vaughn* indices" as "Exs. 4, 5, 6, & 7" to their Motion). Motion, ECF No. 22-1 at 17. CREW alleges that these *Vaughn* indices are insufficient, which DOJ disputes. But more to the point, CREW's own cited cases in support of requiring a more detailed *Vaughn* index—*Summers v. DOJ*, 140 F.3d 1077 (D.C. Cir. 1998); *Defs. of Wildlife v. United States Border Patrol*, 623 F. Supp. 2d 83 (D.D.C. 2009); *Schoenman v. FBI*, 604 F. Supp. 2d 174 (D.D.C. 2009)—all deal with the legal sufficiency of *Vaughn* indices only when litigation has reached the point of a motion for summary judgment.

In general, it is premature for a Plaintiff to request a *Vaughn* index prior to summary judgment. *See Khan v. Dep't of Homeland Sec.*, Case No. 22-2480 (TJK), Minute Order (Nov. 26, 2024) (rejecting plaintiffs' request that the government defendants provide a Vaughn index in advance of their motion for summary judgment); *accord CREW v. FEC*, 711 F.3d at 187 n.5 (prior to seeking a judicial determination of a withholding's propriety, "[a]n agency is not required to produce a *Vaughn* index—which district courts typically rely on in adjudicating summary judgment motions in FOIA cases"); *Schwarz v. Dep't of Treasury*, 131 F. Supp. 2d 142, 147 (D.D.C. 2000), *aff'd*, No. 00-5453, 2001 WL 674636 (D.C. Cir. May 10, 2001) ("The requirement for detailed declarations and *Vaughn* indices is imposed in connection with a motion for summary judgment filed by a defendant in a civil action pending in court.").

The DOJ complied with and exceeded the Court's prior Order by producing interim *Vaughn* indices, and a final *Vaughn* index will be produced by the DOJ in the event of summary judgment briefing. Ordering the DOJ to revise and update its interim indices is duplicative labor that will be rendered unnecessary if a final *Vaughn* index is produced for summary judgment, and ordering DOJ to produce a final *Vaughn* index before a motion for summary judgment has been filed is premature.

The purpose of the *Vaughn* indices produced to date is to facilitate CREW's assessment of the withholdings to allow for the narrowing of issues before summary judgment briefing. It is not to provide the evidentiary basis for DOJ to obtain summary judgment on withholdings that ultimately are the subject of summary judgment briefing. In that context, CREW overstates the alleged deficiencies in the *Vaughn* indices produced to date. Many of the documents withheld in full reflect by their title included in the indices the basis for the identified exemption, such as documents with the phrase "tracked changes" or "edits" included in their title or contemporaneous "clean versions" of such obvious drafts (ECF No. 22-2 at ECF pp. 12, 14). And, for documents released in part, the released portions provide additional context to their corresponding *Vaughn* entries. At present, only a small number of responsive documents remain to potentially be produced or withheld as exempt – the 575 pages referred for external consultations. In the interests of conserving judicial and party resources, the most appropriate action at this time is to let the external agencies complete their consults, at which point if outstanding issues remain the parties can cross-move for summary judgment as to those specific documents, which can be more fully addressed on a more expansive *Vaughn* index and/or accompanying declaration.

## CONCLUSION

For the reasons stated above, Plaintiffs' May 1 Motion to Enforce or Clarify (ECF No. 22) should be denied.

- 7 -

- 8 -

Dated: May 8, 2026
Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By: /s/ *Samuel G. Settle*
SAMUEL G. SETTLE
Assistant United States Attorney
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
Telephone: (202) 252-7705
Email: samuel.settle@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>       Plaintiff,<br><br>     v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>       Defendant. | Civil Action No. 25-4426 (CKK) |

## [PROPOSED] ORDER

UPON CONSIDERATION of Plaintiff's motion and Defendant's opposition, and the entire record herein, it is hereby

ORDERED that Plaintiff's Motion is DENIED, and it is further

ORDERED that the Parties shall submit a further status report to the Court within 30 days, or by June 8, 2026.


     SO ORDERED:


_____               _____
Date                                 COLLEEN KOLLAR-KOTELLY
                                     United States District Judge

- 9 -