UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CITIZENS FOR RESPONSIBILITY AND
ETHICS IN WASHINGTON,

        Plaintiff,

        v.

U.S. DEPARTMENT OF JUSTICE,

        Defendant.

Civil Action No. 25-4426 (CKK)

## RESPONSE TO PLAINTIFF'S NOTICE

Defendant the Department of Justice ("DOJ") files this in response to Plaintiff Citizens for Responsibility and Ethics in Washington's ("CREW") May 28, 2026 "Notice of Defendant's Continued Non-Compliance with Court Orders."

In its April 23, 2026, Minute Order, this Court stated, "CREW shall request any further relief by filing a motion for further clarification of the Court's prior 18 Order and/or a motion or partial summary judgment on or before May 1, 2026." CREW filed its Motion on May 1 (ECF No. 22), DOJ filed an Opposition on May 8 (ECF No. 23), and CREW filed a Reply on May 11 (ECF No. 24). CREW's motion remains pending before the Court.

CREW's "Notice" is essentially a sur-reply to its motion without leave of Court and should be disregarded for that reason alone. *See Hart v. United States Dep't of Justice*, 648 F. Supp. 2d 113, 115 n.4 (D.D.C. 2009) (CKK) (disregarding a sur-reply because "[t]he Local Civil Rules provide only for the filing of a motion, a response, and a reply. *See* Local Civil Rule 7. They do not contemplate a sur-reply, and the plaintiff did not seek leave to file one."). The Notice contains no new information of which the Court needs to be notified. For example, the Notice states "DOJ still has not completed processing all responsive pages because other consulting agencies from

whom DOJ is 'receiv[ing] input' are continuing to indefinitely stonewall in their review of 22 pages." ECF No. 26 at 1. Minus the conclusory and baseless allegation of "indefinite[] stonewall[ing]," this was explicitly discussed in the most recent Joint Status Report filed less than a week ago on May 22, 2026: "As of the last Status Report, there were 575 pages pending consult with non-DOJ agencies. Since then, 553 pages have been returned leaving only 22 pages still pending external consultations." ECF No. 25 at 2.

The issues CREW raises in its Notice are identical to those at issue in CREW's pending motion, namely CREW's objection to external consults and claims regarding the inadequacy of the interim *Vaughn* indices. As discussed in DOJ's memorandum in opposition to that motion (ECF No. 23), DOJ has complied with the Court's orders and CREW's arguments to the contrary are misplaced. DOJ incorporates by reference its responses to CREW's arguments as set forth more fully in DOJ's opposition. *See* Opp'n (ECF No. 23) at 2–5 (DOJ is in compliance with the Court's processing order, and the external consults do not change the fact that DOJ's rate of processing has significantly exceeded the rate ordered by the Court since March 24) and at 6–7 (DOJ has complied with and exceeded the Court's March 24 Order by producing multiple interim *Vaughn* indices; a final *Vaughn* index will be produced by DOJ in the event of summary judgment briefing, and disputes over the adequacy of interim *Vaughn* indices waste party and judicial resources).

\*     \*     \*

2

Dated: May 28, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Samuel G. Settle*
     SAMUEL G. SETTLE
     Assistant United States Attorney
     601 D Street, NW
     Washington, DC 20530
     (202) 252-7705

*Attorneys for the United States of America*