**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>      Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>      Defendant. | Civil Action No. 25-4426 (CKK) |

**MEMORANDUM OPINION & ORDER**
(June 11, 2026)

In this case, Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") seeks records from two components of the U.S. Department of Justice ("DOJ") about DOJ's recent efforts to obtain and centralize voter information from state election officials throughout the country.    The Court previously entered a Preliminary Injunction and two related orders directing DOJ to expedite its processing of these requests.  *See* Order (Feb. 19, 2026), Dkt. No. 14; Mem. Op. & Order (Mar. 24, 2026), Dkt. No. 18; Minute Order (Apr. 23, 2026).

CREW now moves to clarify or enforce these orders.  Pl.'s Mot., Dkt. No. 22.  Specifically, CREW argues (1) that agencies to which DOJ has referred records for consultation should be required to process those records at the same accelerated rate that applies to DOJ, (2) that DOJ should not be deemed to have "processed" a record sent for consultation until DOJ makes a final decision to produce or withhold that record, and (3) that DOJ should be required to produce more detailed *Vaughn* indices.  *Id.*  DOJ opposes CREW's motion, arguing that it has satisfied its obligations under FOIA and the Court's prior orders in all respects.  Def.'s Opp'n, Dkt. No. 23.

1

Upon consideration of the parties' submissions,[1] the relevant legal authority, and the entire present record, the Court shall **DENY WITHOUT PREJUDICE** CREW's Motion to Enforce or Clarify. On the present record, the Court concludes that further judicial intervention is not warranted. The Court expects that the parties' next joint status report, which is due on June 22, 2026, will reflect that DOJ has made very substantial progress in processing the remaining records and documenting its withholdings in interim *Vaughn* indices. If that progress does not materialize, the Court will entertain a renewed request for interim relief.

## I. BACKGROUND

This FOIA matter concerns requests for records of DOJ's efforts to obtain sensitive voter information from election officials throughout the country, which the Court described at greater length in a prior Memorandum Opinion. *See* Dkt. No. 15. CREW requested expedited processing of these requests, which DOJ denied. CREW then filed this suit and moved for a preliminary injunction directing DOJ to expedite its processing and process records at a rate of 5,000 pages per month. This Court granted that motion in part and denied it in part, ordering DOJ to expedite its processing of CREW's requests but declining to specify a fixed processing rate. *See* Order (Feb. 19, 2026), Dkt. No. 14.

---

[1] The Court's consideration has focused on the following documents, including the attachments and exhibits thereto:
- Plaintiff CREW's Memorandum in Support of its Motion to Enforce or Clarify the Court's February 19 and March 24 Orders ("Pl.'s Mem."), Dkt. No. 22-1;
- Defendant DOJ's Opposition to the Plaintiff's Motion ("Def.'s Opp'n"), Dkt. No. 23;
- Plaintiff CREW's Reply in Support of its Motion ("Pl.'s Reply"), Dkt. No. 24;
- The parties' Joint Status Report dated May 22, 2026, Dkt. No. 25;
- Plaintiff CREW's "Notice of Defendant's Continued Non-Compliance with Court Orders," ("Pl.'s Notice"), Dkt. No. 26; and
- Defendant DOJ's Response to the Plaintiff's Notice, Dkt. No. 27.

In an exercise of its discretion, the Court concludes that oral argument is not necessary to the resolution of the issues pending before the Court. *See* LCvR 7(f).

In the parties' first status report after the Court entered a preliminary injunction, they reported that DOJ's Civil Rights Division had proposed processing records at its standard rate of 250 pages per month. Joint Status Report (Mar. 17, 2026), Dkt. No. 17. CREW argued that this processing rate was inadequate and asked the Court to order a specific, higher rate. *See id.* The Court granted that request and ordered that "DOJ shall expedite its processing of CREW's FOIA requests at issue by processing no less than 1,000 pages of potentially responsive records per week." Mem. Op. & Order (Mar. 24, 2026), Dkt. No. 18.

In the parties' next status report, they advised the Court of a dispute about the rate at which DOJ components outside of the Civil Rights Division and agencies outside of DOJ were processing potentially responsive records that the Civil Rights Division had sent out for consultation. Joint Status Report (Apr. 22, 2026), Dkt. No. 20. In response to this status report, the Court clarified that "all components of DOJ, including components that receive records referred internally for consultation, must process records responsive to CREW's FOIA requests at issue here at a rate of at least 1,000 pages per week." Minute Order (Apr. 23, 2026). The Court directed that CREW should raise any further requests for relief, including requests to expedite other agencies' processing of records sent out for consultation, by filing a further motion. *Id.*

CREW has now filed a motion to clarify or enforce the Court's prior orders. Pl.'s Mot., Dkt. No. 22. In this motion, CREW requests three forms of relief. First, it requests an order clarifying that its prior orders "apply to" responsive records that DOJ has sent to external agencies for consultation. Second, it requests an order clarifying that DOJ has not fully "processed" a record within the meaning of the Court's orders until it has received the record back from any consultations with other agencies and decided whether to produce or withhold the record. Third, CREW requests an order directing DOJ to produce a revised *Vaughn* index with greater detail

about the documents it has withheld to date.  DOJ opposes CREW's motion, arguing that its production rate and interim *Vaughn* indices have fully complied with the Court's orders.  Def.'s Opp'n, Dkt. No. 23.  In its opposition, DOJ notes that it has already processed more than 15,000 potentially responsive pages since the Court established the current processing rate of 1,000 pages per week on March 24, 2026.  *Id.* at 3–4.

After CREW filed the pending motion, the parties filed a further joint status report advising that that, as of May 22, 2026, only 22 pages of potentially responsive records remained pending consultation with other agencies.  Joint Status Report (May 22, 2026), Dkt. No. 25.  The following week, CREW filed a notice advising the Court that these 22 pages remained outstanding and objecting that DOJ's most recent interim *Vaughn* index included redactions that made it impossible for CREW to assess the appropriateness of the withholding.  Pl.'s Notice, Dkt. No. 26.  DOJ responded that it has continued to comply with the Court's orders, incorporating by reference the arguments it raised in its opposition to CREW's most recent motion.  Def.'s Resp., Dkt. No. 27.

CREW's motion is ripe for decision.

## II. LEGAL STANDARD

A "motion to enforce" is one "usual method" for asking a court to interpret its own mandates.  *Heartland Hosp. v. Thompson*, 328 F. Supp. 2d 8, 11 (D.D.C. 2004) (RMU), *aff'd sub nom. Heartland Reg'l Med. Ctr. v. Leavitt*, 415 F.3d 24 (D.C. Cir. 2005).  "District courts have discretion when interpreting their orders and assessing 'whether an injunction has been violated.'"  *Potter v. D.C.*, 126 F.4th 720, 723 (D.C. Cir. 2025) (quoting *Union Tool Co. v. Wilson*, 259 U.S. 107, 112 (1922)).  If the court finds a violation, it may grant appropriate relief to "enforce the terms of [its] mandates."  *Flaherty v. Pritzker*, 17 F. Supp. 3d 52, 55 (D.D.C. 2014) (GK).  However, a motion to "enforce" is properly denied if it seeks relief beyond the scope of the court's original order.  *See, e.g.*, *The Fund for Animals v. Norton*, 390 F. Supp. 2d 12, 15 (D.D.C. 2005) (EGS).

4

The other common vehicle for requesting declaratory interpretation of a prior order is a "motion for clarification."  Although "[a] 'motion for clarification' is not a formal creature of civil procedure" and it "appears nowhere in the Federal Rules," courts often allow motions "that beseech the court 'to explain or clarify something ambiguous or vague' about a ruling" without altering or amending it.  *All. of Artists & Recording Companies, Inc. v. Gen. Motors Co.*, 306 F. Supp. 3d 413, 418 (D.D.C. 2016) (KBJ) (quoting *United States v. Philip Morris USA Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011) (GK)).  Entertaining such motions is "especially prudent if the parties must implement the ruling at issue at subsequent stages of the litigation."  *Id.* at 418–19.

### III. ANALYSIS

Recognizing the unusual importance and urgency of the FOIA requests at issue in this case, the Court ordered DOJ to process potentially responsive records at an exceptional rate of 1,000 pages per week.  *See* Order (Feb. 19, 2026), Dkt. No. 14; Mem. Op. & Order (Mar. 24, 2026), Dkt. No. 18.  That processing rate applies not only to DOJ's Civil Rights Division, which holds most of the records at issue, but also to every other component of DOJ that receives records from the Civil Right Division for consultation.  *See* Minute Order (Apr. 23, 2026).  DOJ appears to be complying with these orders, having processed more than 15,000 pages since the Court established the current fixed processing rate on March 24, 2026.  *See* Def.'s Opp'n, Dkt. No. 23 at 3–4.  Because DOJ is ahead of the 1,000-records-per-week schedule the Court established, it is in compliance with the Court's orders regarding processing rate until at least early July 2026.  *See id.*

CREW now requests an order applying the same accelerated processing rate to each of the outside agencies to which DOJ has referred records for consultation, providing that DOJ has not "processed" a record until consultation is complete, and requiring DOJ to produce more detailed interim *Vaughn* indices.

On the present record, the Court declines to award the additional relief that CREW has requested in its pending motion.

CREW argues persuasively that the Court *could*, as an exercise of its authority under Federal Rule of Civil Procedure 65(d)(2), issue a preliminary injunction that requires not only DOJ, but also each of the relevant consulting agencies, to expedite the work of processing CREW's FOIA requests in this case. *See* Pl.'s Mem. at 4–8. Because these agencies are working "in active concert or participation with" DOJ, they could arguably be bound by a preliminary injunction entered in this case, provided that they had "actual notice" of it. *See* Fed. R. Civ. P. 65(d)(2).

However, on their face, the Court's orders require a specific expedited processing rate from DOJ, not from any other agency. *See* Order (Mar. 24, 2026), Dkt. No. 18 at 5 (ordering that "DOJ shall expedite its processing of CREW's FOIA requests at issue by processing no less than 1,000 pages of potentially responsive records per week"); Minute Order (Apr. 23, 2026) (ordering that "all components of DOJ, including components that receive records referred internally for consultation, must process records responsive to CREW's FOIA requests at issue here at a rate of at least 1,000 pages per week"). Meanwhile, on the present record, it appears that agencies outside of DOJ have moved relatively quickly and that only a small number of records—22 pages—are still out for consultation. On this record, it does not appear to be necessary for the Court to decide whether it has the authority to require non-party agencies to accelerate their consultations. The Court expects that the remaining agencies will complete the remaining consultations promptly and without the need for judicial intervention.

Next, CREW's argument that the DOJ has not "processed" the records that remain out for consultation is not yet ripe for a judicial decision. As the Court has already noted, as of this writing, DOJ is ahead of schedule: It has been about 11 weeks since the Court ordered a processing rate

of 1,000 pages per week, and DOJ has processed more than 15,000 pages of potentially responsive records in that time—not counting any of the records that are still out for consultation. *See* Def.'s Opp'n, Dkt. No. 23 at 3–4. A judicial decision resolving whether the 22 pages of records still out for consultation have not yet been "processed" therefore has no bearing on whether DOJ is currently in compliance with the Court's orders. Because this issue is not yet ripe, the Court declines to resolve it.

Finally, on the present record, the Court declines to order DOJ to produce more detailed interim *Vaughn* indices. The Court expects that DOJ will move swiftly to finish processing the potentially responsive records, and that once it has done so, it will move equally swiftly to produce a final *Vaughn* index. If it does not do so, the Court will entertain a renewed motion to compel prompt production.

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that CREW's [22] Motion to Enforce or Clarify the Court's February 19 and March 24 Orders is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

**Dated:** June 11, 2026

COLLEEN KOLLAR-KOTELLY
United States District Judge

7