UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 25-4426 (CKK) |

**JOINT STATUS REPORT**

Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") and Defendant the Department of Justice ("DOJ"), collectively "the parties," submit this status report to apprise the Court of the progress in this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

DOJ sent CREW a draft version of its final *Vaughn* index on July 17, 2026. CREW reviewed that draft final index, and replied to DOJ on July 31, 2026, indicating that CREW objected to the sufficiency of the draft index as to certain withholdings and requesting that DOJ provide a revised index. In response, DOJ produced a revised *Vaughn* index and other responses to CREW's objections on September 14, 2026. CREW provided objections to the revised *Vaughn* index on October 13, 2026.

**CREW's Statement:**

Less than a month after receiving them, CREW provided objections to (1) DOJ's 33-page revised *Vaughn* index and (2) DOJ's updated descriptions of the 41 categories of documents DOJ is withholding. Of those 41 categories of withholdings, CREW objects to only eight. And CREW asked that DOJ provide its responses to those objections by October 19, six days after CREW

provided its objections. DOJ's response was that DOJ could not respond by that date and that it made more sense for CREW to just propose its briefing schedule. As a result,

CREW proposes the following schedule:

- Plaintiff's Motion for Summary Judgment (25 pages) due Wednesday, November 18, 2026
- Government's Cross-Motion and Opposition (30 pages) due Friday, December 18, 2026
- Plaintiff's Reply and Opposition to Cross-Motion (20 pages) due Tuesday, January 19, 2027
- Government's Reply in Support of Cross-Motion (15 pages) due Tuesday, February 2, 2027

This schedule is reasonable and accommodates for all intervening holidays. And of course, CREW remains open to meeting-and-conferring with DOJ during that period if DOJ will make disclosures that would alleviate the need for briefing any of the contested withholdings. Additionally, as CREW made clear in its preliminary injunction briefing:

> [T]he leadup to the November 2026 general election is not the only source of urgency identified in CREW's FOIA request to the Civil Rights Division. Rather, CREW emphasized that its need for information about DOJ's collection of voters' PII is heightened because (1) "[w]ithout timely disclosure, the public will not know how federal officials are using or storing their voter data," and (2) "individuals may face criminal investigation and prosecution based on the data their states are sharing with the federal government." Hill Decl. Ex. C at 15. Neither of these exigencies are connected to November elections. They instead relate to ongoing threats to voters' privacy and data security accruing every single day that DOJ continues to collect, store, and access voters' PII while concealing its actions behind a veil of secrecy.

ECF 13 at 10. Those exigencies are every bit as ongoing today as they were when CREW moved for a preliminary injunction. *See*, *e.g.*, Gregory Svirnovskiy, *DOJ demands California review voting rolls in two days, threatens legal action*, Politico (Oct. 14, 2026), https://www.politico.com/news/2026/10/14/department-of-justice-california-voter-rolls-demand-01118028.

**DOJ's Statement:**

DOJ objects to CREW's proposed schedule, and respectfully requests that the Court refrain from entering a schedule at this time. Instead, DOJ requests that the Court order the parties to submit another Joint Status Report on or by October 30, 2026, which may include a joint proposed briefing schedule (or separate proposals, if the parties are unable to reach agreement).

In support of its position, the DOJ notes the following:

First, DOJ requires adequate time to review CREW's new objections. *Yesterday*—after taking a full month to review DOJ's revised Vaughn index—CREW provided DOJ with its objections to specific withholdings, accompanied by a rigid proposed briefing schedule that had not been previously discussed. Expecting DOJ to digest those objections in 24 hours is unreasonable—particularly because the Civil Rights Division FOIA attorney who served as the lead processor in this matter is on leave this week and does not return until October 19. Affording DOJ a reasonable window to evaluate CREW's narrowed challenges will allow the agency to explore non-litigation resolutions where appropriate and negotiate a workable schedule in good faith.

Second, CREW's proposed schedule imposes an unnecessary holiday burden. CREW's schedule, created without DOJ input, places DOJ's primary submission—its Cross-Motion for Summary Judgment and Opposition—on December 18, 2026, immediately prior to the federal Christmas holiday. This needlessly burdens government counsel and agency resources without any compelling justification.

Third, deferring a briefing schedule causes no prejudice and reflects the current posture of the case. Granting DOJ 16 days to review CREW's objections and negotiate a schedule will

prejudice no one. While CREW initially sought a preliminary injunction in January 2026 citing "impending elections" (ECF No. 8 at 1), its own proposed schedule extends briefing well past the 2026 midterms into February 2027. Given that DOJ completed its final document production four months ago (June 18, 2026) and subsequently prepared and revised a comprehensive *Vaughn* index for CREW's benefit, granting DOJ until October 30 to review CREW's list and formulate a responsive position is fair, efficient, and appropriate.

**Conclusion**

CREW requests that the court enter the briefing schedule that it has proposed above.

DOJ requests that the Court defer entering a briefing schedule and direct the parties to submit a Joint Status Report on or by October 30, 2026, containing a joint proposed briefing schedule or separate proposals if agreement cannot be reached.

*        *        *

Dated: October 14, 2026

Respectfully submitted,

/s/ *Nikhel S. Sus*
Nikhel S. Sus (D.C. Bar No. 1017937)
Kayvan Farchadi (D.C. Bar No. 1672753)
John B. Hill (N.Y. Bar No. 5505508)*
CITIZENS FOR RESPONSIBILITY AND
ETHICS IN WASHINGTON
P.O. Box 14596
Washington, D.C. 20044
(202) 408-5565
nsus@citizensforethics.org
kfarchadi@citizensforethics.org
jhill@citizensforethics.org

*Counsel for Plaintiff*

*admitted *pro hac vice*

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Samuel G. Settle*
SAMUEL G. SETTLE
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-7705

*Attorneys for the United States of America*